DocuSign Envelope ID: C49AA832-6C68-454B-882C-32C7BC40DCD9

## SETTLEMENT AGREEMENT, RELEASE OF ALL CLAIMS AND CONFIDENTIALITY AGREEMENT

This Settlement Agreement, Release of All Claims and Confidentiality Agreement ("Agreement") is given by Lesa Parker ("Employee") to Encore Rehabilitation Services, LLC ("Encore") and its predecessors, successors, parents, subsidiaries, affiliates, related entities, past and current officers, directors, members, board members, employees, agents, attorneys, insurers, and assigns in their official and individual capacities.

A.   In or about September 2018, Encore hired Employee as an hourly paid Physical Therapy Assistant;

B.   In or about February 2020, Employee was terminated from her employment with Encore;

C.   On December 18, 2020, Employee filed a Complaint in the United States District Court for the Western District of North Carolina (the "Court"), captioned *Lesa Parker v. Encore Rehabilitation Services, LLC*, bearing Civil Action No. 1:20-cv-00385, alleging that Encore violated the Fair Labor Standards Act and the North Carolina Wage and Hour Act by failing to pay her overtime and for failing to pay her all wages earned on regular paydays and following her termination ("Civil Action");

D.   On January 19, 2021, Encore timely filed its Answer to the Complaint in the Civil Action denying that it violated the Fair Labor Standards Act ("FLSA") and North Carolina Wage and Hour Act ("NCWHA");

E.   Encore denies that Employee is owed unpaid wages for overtime or for wages earned on regular paydays and following her termination, and/or that it is liable to Employee for any reason; and

F.   The parties are willing to amicably resolve any and all matters relative to any relationship between Employee and Encore, including the employment relationship and the separation from employment, and enter into this Agreement based upon the following terms:

1.   **Consideration.** In consideration for the release and other promises made by Employee in this Agreement and contingent upon the Court approving this Agreement, Encore agrees to provide Employee with a lump-sum payment of FIVE THOUSAND AND 00/100 ($5,000.00) DOLLARS, which amount includes attorney's fees. Employee agrees that she is not entitled to this payment under any contract, agreement, policy, custom, plan or practice of Encore. The aforementioned settlement payment shall be allocated as follows:

54202\418576\263143133.v1

a. a check payable to Plaintiff in the amount equal to her unpaid wages of ONE THOUSAND AND THREE HUNDRED AND 00/100 ($1,300.00) DOLLARS, minus withholdings for federal and state income taxes. Encore will issue a Form W-2 to Employee for this payment.

b. a check payable to Plaintiff for liquidated damages in the amount of ONE THOUSAND AND THREE HUNDRED AND 00/100 ($1,300.00) DOLLARS. Encore will issue an IRS Form 1099 to Plaintiff for this amount.

c. a check payable to Gibbons Law Group, PLLC, 14045 Ballantyne Corporate Place, Suite 325, Charlotte, North Carolina 28277, in the amount of TWO THOUSAND AND FOUR HUNDRED AND 00/100 ($2,400.00) DOLLARS. Encore will issue an IRS Form 1099 to Gibbons Law Group, PLLC for this amount.

The settlement payment shall be delivered to Gibbons Law Group, PLLC, 14045 Ballantyne Corporate Place, Suite 325, Charlotte, North Carolina 28277, within ten (10) days from the date (i) the Court enters an Order approving this Agreement, or (ii) this Agreement becomes effective under paragraph 13(a), whichever is longer.

2. **Release of All Claims.** In return for the consideration set forth in paragraph 1 above, Employee on behalf of herself, her heirs, legal representatives, agents and assigns, releases, waives and forever discharges Encore and its predecessors, successors, parents, subsidiaries, affiliates, related entities, past and current officers, directors, members, board members, employees, agents, attorneys, insurers, benefit plans and plan administrators, sureties, and assigns in their official and individual capacities (the "Released Parties") from all known and unknown claims, demands, and causes of action of any kind or nature, in law, in equity or administrative proceedings, including those based upon the employment of Employee or her separation from employment.

Without limiting the generality of the foregoing, this release includes, by way of illustration and not of limitation, any claims under the *Fair Labor Standards Act*, the *North Carolina Wage and Hour Act*, *Title VII of the Civil Rights Act of 1964*, the *Age Discrimination in Employment Act*, the *Americans With Disabilities Act*, the *Family and Medical Leave Act*, the *Equal Pay Act*, *Executive Order 11246*; *Executive Order [Vietnam] 11141*; the *Civil Rights Act of 1866*, as amended by the *Civil Rights Act of 1991 (42 U.S.C. § 1981)*; the *Employer Retirement Income Security Act of 1974*, as amended; the *Consolidated Omnibus Budget Reconciliation Act of 1985*; the *North Carolina Retaliatory Employment Discrimination Act*; and any and all other claims of state or federal statutory violation, tortious conduct, breach of contract, or other civil or administrative claims, whether known or unknown, arising from any cause whatsoever, up to the date of the signing of this Agreement and to the extent permitted by applicable law.

54202\418576\263143133.v1

DocuSign Envelope ID: C49AA832-6C68-454B-882C-32C7BC40DCD9

Employee acknowledges and agrees that she is aware statutes exist that render null and void releases and discharges of any claims, rights, demands, liabilities, actions and causes of action that are unknown to the releasing and discharging party at the time of execution of the release and discharge. Employee hereby expressly waives, surrenders and agrees to forego any protection to which she otherwise would be entitled against the Released Parties by virtue of the existence of any such statute in any jurisdiction, including, but not limited to, the State of North Carolina.

3. **Covenant Not to Sue.** Employee, for herself, her heirs, executors, administrators, successors and assigns agrees not to bring, file, charge, claim, sue or cause, assist, or permit to be brought, filed, charged or claimed any action, cause of action or proceeding regarding or in any way related to any of the claims released by her under paragraph 2 of this Agreement. Employee also agrees that this Agreement is, will constitute and may be pleaded as a bar to any such claim, action, cause of action or proceeding, and that in the event Employee files a claim in violation of this paragraph, she shall be responsible for paying Encore's attorney fees and costs in defending such claim.

Nothing in this Agreement precludes or limits Employee's future right or ability to file a timely charge with the United States Equal Employment Opportunity Commission ("EEOC"), National Labor Relations Board, or other fair employment practices agency. However, by signing this Agreement, Employee agrees that she waives her right (if any) to recoup any monetary damages or remedies associated with such charge. Similarly, Employee agrees that she waives her right (if any) to recover any unpaid wages or damages stemming from any investigation or findings by the Department of Labor relating to Encore.

4. **No Pending Claims.** Employee warrants and represents that other than the Civil Action, she has not filed any charges, claims, lawsuits or grievances of any nature with any federal, state or municipal agency, court or tribunal against any Released Party and, that other than her claim for alleged unpaid overtime wages, Employee has no claims against any Released Party.

5. **No Reemployment.** Employee agrees that she has no rights to reemployment, recall or rehire with Encore or its parents, subsidiaries, successors, predecessors or related entities. Employee also agrees that she will not in the future apply for, seek or accept reemployment with Encore or its successors, subsidiaries, affiliates, related companies or after acquired entities.

6. **No Admission of Liability.** This Agreement is entered into for the purpose of compromise and settlement of any disputed claims between Employee and Encore. The execution hereof and the consideration set forth in paragraph 1 shall not constitute or be deemed an admission of liability by Encore of any wrongdoing.

54202\418576\263143133.v1

7. **Return of Encore Property.** Employee certifies that she has returned to Encore all property belonging to Encore, including, but not limited to, computers, cellphones, all storage devices containing Encore information, publications, correspondence, notes and notebooks, reports, files, memoranda, records, keys, identification cards, computer access codes, software, computer files, drawings, prints, photographs, tape recordings, and other written, typed, printed or recorded materials to which Employee had access or that Employee developed during the course of her employment with Encore. Employee also certifies that she has not retained any copies, duplicates, reproductions or excerpts of these materials.

8. **Confidentiality.** Employee agrees that she will keep the terms of and amounts paid under this Agreement confidential and will not disclose these matters to anyone, except: (a) her attorneys, accountants, tax advisors or to immediate family members who agree to abide by this confidentiality provision; (b) to the extent necessary to report income to the appropriate taxing authorities as expressly required by law; or (c) in response to a specific court order, subpoena or legal process signed by a judge with competent jurisdiction which orders the disclosure of the nature, content, substance, conditions or specific terms of the Agreement.

If any inquiries arise concerning the resolution of the Civil Action or about this Agreement, Employee may reply only that "the matter has been resolved," or words of similar effect, and may not make any other comment. Violations of this section include, but are not limited to, comments that there was a settlement, or regarding the amount or size of the settlement, the range of settlement, and/or the amount of any offers or counteroffers. Employee also agrees not to comment on or suggest the motivations of the Released Parties for entering into this Agreement. Employee agrees that violation of this confidentiality provision would constitute a material and actionable breach of this Agreement and subject the violator to pay $1,000.00 per violation in liquidated damages to Encore in the case of a proven breach by Employee.

9. **No Voluntary Assistance.** Employee agrees that she will not voluntarily encourage, assist, participate in or testify on behalf of any individual or current or previous employee of Encore in the course of any threatened or instituted litigation, administrative proceeding or arbitration. Employee agrees that she will not discuss or comment, or give or prepare any writing involving any issue arising out of any litigation, administrative proceeding or arbitration in which Encore is or shall become involved without having been so authorized, in writing, by counsel for Encore or by virtue of an order issued by a court of competent jurisdiction. If served with an order or a valid subpoena that would or might reasonably require such disclosure, Employee agrees to immediately inform Encore, in writing, by contacting Kate Bechtel, Vice President of Human Resources, 33533 West 12 Mile Road, Suite 290, Farmington Hills, MI 48331. Violation of this provision will constitute a material and actionable breach of this Agreement.

54202\418576\263143133.v1

10. **Not Evidence.** This Agreement is entered into for the purpose of compromise and settlement of any disputed claims between the Released Parties and Employee and may not be used as evidence in any action, except an action to enforce this Agreement.

11. **Severability.** If any provision of this Agreement shall be found by a court to be invalid or unenforceable, in whole or in part, then such provision shall be construed and/or modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, or shall be deemed excised from this Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent permitted by law, as if such provision had not been originally incorporated herein.

12. **Waiver.** Any failure by any party to this Agreement to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

13. **Miscellaneous Provisions.**

    a. Employee represents and certifies that she has carefully read and fully understands all of the provisions and effects of this Agreement. Employee acknowledges that she has twenty-one (21) days in which to consider this Agreement and has been advised to consult with an attorney. This Agreement shall not be effective or enforceable for a period of seven (7) days following the date of Employee's signature below, during which time she may revoke this Agreement. Any such revocation must be in writing, signed by Employee and delivered or mailed so as to arrive within such seven (7) day period to Tracy LaDuc, Vice President of Human Resources, 33533 West 12 Mile Road, Suite 290, Farmington Hills, MI 48331. This Agreement shall become effective after the seven (7) day period has expired.

    b. Employee represents that neither Encore nor its agents, representatives or attorneys has made any representations concerning the terms or affects of this Agreement other than those contained in the Agreement itself.

    c. Employee understands, agrees and deems that the consideration exchanged for the various releases, covenants and agreements contained herein is sufficient and proportional and waives any and all rights to assert any claim of lack of sufficiency and/or proportionality of consideration.

14. **Integration and Complete Agreement.** This Agreement represents the entire agreement between the Released Parties and Employee regarding the subject matter contained in this Agreement. There are no other oral or written promises that have been made to

54202\418576\263143133.v1

Employee. The parties agree that this Agreement can only be modified in writing and signed by Employee and the President of Encore.

15. **No Assignment.** Employee agrees and acknowledges that she has not made and will not make an assignment of any claims that are being released or discharged by this Agreement.

16. **Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of Employee, her heirs, executors, administrators and beneficiaries, and shall be binding upon and inure to the benefit of Encore and its successors and assigns.

17. **Applicable Law.** This Agreement shall be governed by the laws of the State of North Carolina. Any claims arising out of this Agreement shall be filed and heard in the United States District Court for the Western District of North Carolina. Employee agrees that regardless of where she may reside, process may be served on her in accordance with the provisions of the Federal Rules of Civil Procedure regarding service of process.

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ THIS AGREEMENT, UNDERSTAND ITS TERMS AND ENTER INTO IT VOLUNTARILY.**

Signed and Agreed:

DocuSigned by:

*Lesa Parker*

Lesa Parker

Date: 1/13/2022

The Released Parties

By: *[signature]*

Its: CFO

Date: 1/17/22

54202\418576\263143133.v1